**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Cristina A. Guido, State Bar No. 292089
*cguido@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Peter Mastan, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>WELCOME MANAGEMENT CORP.,<br><br>          Debtor. | Case No. 2:14-bk-12860-TD<br><br>Chapter 7<br><br>Adv No. _____ |
| PETER MASTAN, Chapter 7 Trustee,<br><br>          Plaintiff,<br><br>     v.<br><br>SANG HYUN KIM, an individual; HELEN PAK, an individual; LOREN CHANG, an individual; and HOPE HEALTHCARE MANAGEMENT, INC.,<br><br>          Defendants. | **COMPLAINT:**<br><br>**(1) TO RECOVER UNLAWFUL DIVIDENDS;**<br><br>**(2) TO AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548(a)(1)(A) and 550(a);**<br><br>**(3) TO AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. §§ 548(a)(1)(B) AND 550(a);**<br><br>**(4) TO AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.04(a)(1);**<br><br>**(5) TO AVOID AND RECOVER FRAUDULENT TRANSFERS UNDER 11 U.S.C. § 544 AND CALIFORNIA CIVIL CODE § 3439.04(a)(2); AND**<br><br>**(6) TO AVOID AND RECOVER FRAUDULENT TRANSFER UNDER 11 U.S.C. § 544(b) AND CAL. CIV. CODE § 3439.05** |

Peter Mastan, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Welcome Management Corp. (the "Debtor"), is informed and believes and based thereon alleges as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(b)(1) and 1334 and the parties consent to entry of a final judgment in this matter by the Bankruptcy Court.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O).

3. Venue properly lies in this judicial district because this proceeding arises in and relates to a case pending in this district under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

4. This adversary proceeding arises out of and is related to the bankruptcy case of *In re Welcome Management Corp.*, Case No. 2:14-bk-12860-TD, filed on February 14, 2014 (the "Petition Date"), which is currently pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division.

## STATEMENT OF STANDING

5. The Trustee, as the trustee of the Debtor's bankruptcy estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323, 544, and 550 and applicable California law.

## PARTIES TO THE ACTION

6. The Trustee is the duly appointed, qualified, and acting chapter 7 trustee for the Debtor's bankruptcy estate. This action is brought by the Trustee in his representative capacity only.

7. The Trustee is informed and believes, and on that basis alleges, that defendant Sang Hyun Kim is an individual residing in Orange County, California. Ms. Kim was the chief executive officer of the Debtor and is a fifty percent shareholder of the Debtor.

8. The Trustee is informed and believes, and on that basis alleges, that defendant Helen Pak is an individual residing in Irvine, California. Ms. Pak was the corporate secretary of the Debtor and is a fifty percent shareholder of the Debtor.

9. The Trustee is informed and believes, and on that basis alleges, that defendant Loren Chang is an individual residing in Orange.

10. The Trustee is informed and believes, and on that basis alleges, that defendant Hope Healthcare Management, Inc. ("Hope Healthcare"), is a California corporation with its principal place of business in Westminster, California.

## GENERAL ALLEGATIONS

11. The Debtor filed a voluntary chapter 7 bankruptcy petition on the Petition Date.

12. Until early 2012, the Debtor operated a residential care facility in Los Angeles, California.

13. In early 2012, the Debtor sold all or substantially all of its assets to Silver Line Management, an entity that the Trustee is informed and believes is owned by Son Kim, Helen Pak's mother, and Heera Kim. From escrow, the Debtor received $593,222.75 in net proceeds on or about February 17, 2012. That sale resulted in litigation filed in August 2013 by Heera Kim against the Debtor, Helen Pak, Sang Kim, Son Kim, and Silver Line Management.

14. From the net proceeds of the sale to Silver Line Management, the Debtor made a number of disbursements to various parties. By June 2012, only $2,692.38 was left in the Debtor's bank account.

15. One of these disbursements was by check number 4883 in the amount of $300,000.00, which cleared the Debtor's bank account on February 27, 2012.

16. The Trustee is informed and believes that this $300,000.00 payment to Loren Chang was on account of a loan obtained by Hope Healthcare and personally guaranteed by Helen Pak and/or Sang Kim. The Debtor was not obligated on the loan.

17. When the Debtor made the above payment to Loren Chang, it was indebted to a number of creditors, including Joo Sun Kim and Mi Sook Kim, who the Trustee is informed and believes and based thereon alleges are former employees of the Debtor with unpaid wage claims. These creditors have not received payment from the Debtor on account of their claims against it, and claims against the Debtor remain unpaid.

## **FIRST CLAIM FOR RELIEF**

### **(Unlawful Dividend Against Helen Pak and Sang Kim)**

18. The Trustee incorporates paragraphs 1 through 17, inclusive, as though set forth fully herein.

19. The Trustee is informed and believes and based thereon alleges that in connection with the payment of $300,000.00 to Loren Chang described above, Sang Kim and Helen Pak each took a $150,000.00 shareholder dividend from the Debtor on account of their equity interest in the Debtor, reporting it as such on their income tax returns for 2012.

20. When the dividends were taken, there were unpaid creditors of the Debtor whose claims arose prior to the dividends being paid who were entitled to payment in full before any lawful dividends could be paid to the shareholders of the Debtor. The Trustee is informed and believes based on sworn testimony of Helen Pak at the meeting of creditors in this case that Helen Pak and Sang Kim knew that there remained unpaid creditors of the Debtor when they received the dividends. In addition, this is evidenced by the filing of the claims of Joo Sun Kim and Mi Sook Kim based on unpaid judgments against the Debtor collectively totaling at least $124,781.66. It is also evidenced by

litigation filed by Heera Kim in August 2013 against a number of creditors, including the Debtor, which appears to be the basis for a claim in the amount of $500,000.00 that Heera Kim has filed against the Debtor.

21. Therefore, Helen Pak and Sang Kim each received an unlawful dividend in the amount of at least $150,000.00 and are liable for the full amount of the dividends received while creditors remained unpaid.

## **SECOND CLAIM FOR RELIEF**

### (To Avoid and Recover Fraudulent Transfer Under

### 11 U.S.C. §§ 548(a)(1)(A) and 550(a))

### (Against all Defendants)

22. The Trustee incorporates paragraphs 1 through 17, inclusive, as though set forth fully herein.

23. The Trustee is informed and believes and based thereon alleges that the $300,000.00 payment made by the Debtor to Loren Chang was for or on account of a debt owed by Hope Healthcare, Helen Pak and/or Sang Kim and not on account of a debt owed by the Debtor. The payment was made by the Debtor within the two years prior to the Petition Date.

24. The Trustee is informed and believes and based thereon alleges that the payment was made with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became liable. The payment was made for the benefit of insiders of the Debtor at a time when issues had arisen in connection with the Debtor's sale of its assets to Silver Line which eventually resulted in litigation against the Debtor and its insiders.

25. The Trustee seeks to avoid the payment of $300,000.00 to Loren Chang under 11 U.S.C. § 548(a)(1)(A) and requests that the Court enter a judgment in an amount equal to the value of that transfer against Hope Healthcare, Helen Pak, and Sang Kim as the parties for whose benefit the Debtor made such transfer and against Loren Chang, the immediate transferee of that payment.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## THIRD CLAIM FOR RELIEF

### (To Avoid and Recover Fraudulent Transfer Under

### 11 U.S.C. §§ 548(a)(1)(B) and 550(a))

### (Against all Defendants)

26.  The Trustee incorporates paragraphs 1 through 17, inclusive, as though set forth fully herein.

27.  The Trustee is informed and believes and based thereon alleges that the $300,000.00 payment made by the Debtor to Loren Chang was for or on account of a debt owed by Hope Healthcare, Helen Pak and/or Sang Kim and not on account of a debt owed by the Debtor. The payment was made by the Debtor within the two years prior to the Petition Date.

28.  The Trustee is informed and believes and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the $300,000.00 payment and (a) was insolvent when the payment was made or rendered insolvent as a result; (b) having sold substantially all of its assets, was engaged in a business for which any remaining property held by the Debtor was an unreasonably small capital; (c) intended to incur or believed that the Debtor would incur debts beyond its ability to pay as the debts matured; or (d) made the transfer for the benefit of insiders under an employment contract not entered into in the ordinary course of business. After the payment was made, the funds in the Debtor's bank account were used to pay other creditors of the Debtor, eventually being depleted completely. There remained several unpaid claims of the Debtor, including the claims of Joo Sun Kim and Mi Sook Kim based on unpaid judgments against the Debtor collectively totaling at least $124,781.66. In addition, when the transfer was made, issues had arisen with Heera Kim regarding the Debtor's sale of its assets to Silver Line Management which eventually resulted in the filing of a complaint by Heera Kim against the Debtor and its insiders, among others, and the filing of a $500,000.00 claim filed by Heera Kim against the Debtor in this case.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

29. Therefore, the Trustee seeks to avoid the payment of $300,000.00 to Loren Chang under 11 U.S.C. § 548(a)(1)(B) and requests that the Court enter a judgment in an amount equal to the value of that transfer against Hope Healthcare, Helen Pak, and Sang Kim as the parties for whose benefit the Debtor made such transfer and against Loren Chang, the immediate transferee of that payment.

## FOURTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfer**

**Under 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439.04(a)(1))**

**(Against all Defendants)**

30. The Trustee incorporates paragraphs 1 through 17, inclusive, as though fully set forth herein.

31. The Trustee is informed and believes and based thereon alleges that the $300,000.00 payment made by the Debtor to Loren Chang was for or on account of a debt owed by Hope Healthcare, Helen Pak, and/or Sang Kim and not on account of a debt owed by the Debtor. The payment was made by the Debtor within the four years prior to the Petition Date.

32. The Trustee is informed and believes and based thereon alleges that the Debtor made the transfer of $300,000.00 to Loren Chang with the intent of hindering, delaying, or defrauding a creditor of the Debtor. The transfer was for the benefit of insiders of the Debtor at a time when issues had arisen in connection with the Debtor's sale of its assets to Silver Line. By August 2013, those issues had resulted in the filing of a lawsuit against the Debtor, Sang Kim, and Helen Pak, among others. That lawsuit is the basis for a $500,000.00 claim that Heera Kim has filed against the Debtor's bankruptcy estate.

33. The Trustee seeks to avoid the payment of $300,000.00 to Loren Chang under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a)(1) and requests that the Court enter a judgment in an amount equal to the value of that transfer against Hope

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Healthcare, Helen Pak and Sang Kim as the parties for whose benefit the Debtor made such transfer and against Loren Chang, the immediate transferee of that payment.

## **FIFTH CLAIM FOR RELIEF**

**(For Avoidance and Recovery of Fraudulent Transfer**

**Under 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439.04(a)(2)**

**(Against all Defendants)**

34. The Trustee incorporates paragraphs 1 through 17, inclusive, as though set forth fully herein.

35. The Trustee is informed and believes and based thereon alleges that the $300,000.00 payment made by the Debtor to Loren Chang was for or on account of a debt owed by Hope Healthcare,. Helen Pak, and/or Sang Kim and not on account of a debt owed by the Debtor. The payment was made by the Debtor within the four years prior to the Petition Date.

36. The Trustee is informed and believes and based thereon alleges that the Debtor received less than reasonably equivalent value in exchange for the $300,000.00 payment and was either (a) engaged or about to engage in a business for which the remaining assets of the Debtor were unreasonably small in relation to the business, or (b) intended to incur or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. After the payment was made, the funds in the Debtor's bank account were used to pay other creditors of the Debtor, eventually being depleted completely. There remained several unpaid claims of the Debtor, including the claims of Joo Sun Kim and Mi Sook Kim based on unpaid judgments against the Debtor collectively totaling at least $124,781.66. In addition, when the transfer was made, issues had arisen with Heera Kim regarding the Debtor's sale of its assets to Silver Line Management which eventually resulted in the filing of a complaint by Heera Kim against the Debtor and its insiders, among others, and the filing of a $500,000.00 claim filed by Heera Kim against the Debtor in this case.

37.     The Trustee seeks to avoid the payment of $300,000.00 to Loren Chang under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.04(a)(2) and requests that the Court enter a judgment in an amount equal to the value of that transfer against Hope Healthcare, Helen Pak, and Sang Kim as the parties for whose benefit the Debtor made such transfer and against Loren Chang, the immediate transferee of that payment.

## SIXTH CLAIM FOR RELIEF

**(For Avoidance and Recovery of Fraudulent Transfer Pursuant to**

**11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439.05)**

**(Against all Defendants)**

38.     The Trustee incorporates paragraphs 1 through 17, inclusive, as though set forth fully herein.

39.     The Trustee is informed and believes and based thereon alleges that the $300,000.00 payment made by the Debtor to Loren Chang was for or on account of a debt owed by Hope Healthcare, Helen Pak, and/or Sang Kim and not on account of a debt owed by the Debtor.  The payment was made by the Debtor within the four years prior to the Petition Date.

40.     When the Debtor made the $300,000.00 payment to Loren Chang, the Debtor did not receive reasonably equivalent value for the transfer and the Debtor was insolvent or rendered insolvent as a result of the transfer.  After the payment was made, the funds in the Debtor's bank account were used to pay other creditors of the Debtor, eventually being depleted completely.  There remained several unpaid claims of the Debtor, including the claims of Joo Sun Kim and Mi Sook Kim based on unpaid judgments against the Debtor collectively totaling at least $124,781.66.   In addition, when the transfer was made, issues had arisen with Heera Kim regarding the Debtor's sale of its assets to Silver Line Management which eventually resulted in the filing of a complaint by Heera Kim against the Debtor and its insiders, among others, and the filing of a $500,000.00 claim filed by Heera Kim against the Debtor in this case.

41. The Trustee seeks to avoid the payment of $300,000.00 to Loren Chang under 11 U.S.C. § 544(b) and Cal. Civ. Code § 3439.05 and requests that the Court enter a judgment in an amount equal to the value of that transfer against Hope Healthcare, Helen Pak, and Sang Kim as the parties for whose benefit the Debtor made such transfer and against Loren Chang, the immediate transferee of that payment.

**WHEREFORE,** the Trustee prays that the Court enter a judgment against the Defendants as follows:

### On the First Claim for Relief

1. Against defendants Sang H. Kim and Helen Pak in the amount of the unlawful dividends taken on account of their shareholder interest in the Debtor;

### On the Second Claim for Relief

2. Against all defendants, jointly and severally, in the amount of at least $300,000.00 under 11 U.S.C. § 550(a);

### On the Third Claim for Relief

3. Against all defendants, jointly and severally, in the amount of at least $300,000.00 under 11 U.S.C. § 550(a);

### On the Fourth Claim for Relief

4. Against all defendants, jointly and severally, in the amount of at least $300,000.00 under 11 U.S.C. § 550(a);

### On the Fifth Claim for Relief

5. Against all defendants, jointly and severally, in the amount of at least $300,000.00 under 11 U.S.C. § 550(a);

**On the Sixth Claim for Relief**

6.    Against all defendants, jointly and severally, in the amount of at least $300,000.00 under 11 U.S.C. § 550(a);

**On All Claims for Relief**

7.    For costs of suit; and

8.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 13, 2015    SMILEY WANG-EKVALL, LLP

By:    /s/ *Kyra E. Andrassy*
KYRA E. ANDRASSY
Attorneys for Peter Mastan,
Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2077371.2    11    COMPLAINT