1  Peter A. Kim, Esq.  (SBN 250470)
   LAW OFFICES OF PETER A. KIM
2  3440 Wilshire Blvd., Suite 1208
   Los Angeles, CA  90010
3  Tel.  (213) 387-0800
   Fax. (213) 387-0880
4



FILED
MAR 25 2016
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

5

6  Attorneys for Debtor and Defendants,
   Welcome Management Corp.; Sang Hyun Kim;
7  Helen Pak; and Hope Healthcare Management, Inc.

8

9  UNITED STATES BANKRUPTCY COURT

10  CENTRAL DISTRICT OF CALIFORNIA

11  LOS ANGELES DIVISION

12

| | |
|---|---|
| In Re: | Case No.: 2:14-bk-12860-TD |
| WELCOME MANAGEMENT CORP., | Adversary No.: 2-15-ap-01545-TD |
| Debtor. | Chapter 7 |
| PETER MASTAN, Chapter 7 Trustee, | **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS** |
| Plaintiff, | |
| v. | |
| SANG HYUN KIM, an individual; HELEN PAK, an individual; LOREN CHANG, an individual; and HOPE HEALTHCARE MANAGEMENT, INC., | |
| Defendants. | |

Defendants Sang Hyun Kim; Helen Pak; and Hope Healthcare Management, Inc. ("Defendants"), by and through their undersigned counsel hereby responds to the Complaint to Recover Unlawful Dividends; and to Avoid and Recover Fraudulent Transfers (the "Complaint") filed by Peter

-1-
**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

Mastan ("Plaintiff"), the chapter 7 Trustee of Welcome Management, Inc. ("Debtor"), and states as follows:

## ANSWER

1. Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations that in early 2012, the Debtor sold all or substantially all of its assets to Silver Line Management, an entity that the Trustee is informed and believes is owned by Son Kim, Helen Pak's mother, and Heera Kim; and, that from escrow, the Debtor received $594,222,75 in net proceeds on or about February 17, 2012. Defendants deny the allegation in the third sentence of Paragraph 13 as the litigation filed in August 2013 by Heera Kim against Debtor, Helen Pak, Sang Kim, and Silver Line Management was not as a result of the sale transaction in February 17, 2012, but as a result of Heera Kim's inability to obtain the necessary licensure to operate the business.

14. Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of the Complaint.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

17. With respect to the allegations contained in Paragraph 17 of the Complaint, Defendants deny any express or implied allegation that they had any knowledge that Debtor was indebted to a number of creditors, including Joo Sun Kim and Mi Sook Kim, at the time it made payment to Loren Chang. Defendants admit the last sentence of Paragraph 17 of the Complaint.

18. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. With respect to the allegations contained in Paragraph 20 of the Complaint, Defendants deny any express or implied allegation that there were unpaid creditors of the Debtor whose claims arose prior to the dividends being paid who were entitled to payment in full before any lawful dividends could be paid to the shareholders of the Debtor. Defendants lack information or belief sufficient to form a belief as to the truth of the allegations contained in the remaining allegations of Paragraph 20, and on that basis, denies the remaining allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 21.

22. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

23. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, and on that basis, deny the allegations in Paragraph 23.

24. Paragraph 24 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 24.

25. Paragraph 25 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 25.

26. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

27. Defendants have insufficient knowledge or information sufficient to form a belief as to

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

Main Document    Page 4 of 9

1 | the truth of the allegations contained in Paragraph 27, and on that basis, deny the allegations in Paragraph 27.

28. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis, deny the allegations in Paragraph 28.

29. Paragraph 29 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 29.

30. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

31. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis, deny the allegations in Paragraph 31.

32. Defendants admit the allegations contained in Paragraph 1 of the Complaint Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32, and on that basis, deny the allegations in Paragraph 32.

33. Paragraph 33 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 33.

34. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

35. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis, deny the allegations in Paragraph 35.

36. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis, deny the allegations in Paragraph 36.

37. Paragraph 37 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

Paragraph 37.

38. Defendants hereby incorporate all preceding paragraphs as if fully stated herein.

39. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis, deny the allegations in Paragraph 39.

40. Defendants have insufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40, and on that basis, deny the allegations in Paragraph 40.

41. Paragraph 41 of the Complaint contains legal conclusions or statements to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 41.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the Complaint, and each purported cause of action thereof, fails to state a claim against Defendants and fails to state facts sufficient to constitute a cause of action against Defendants pursuant to Federal Rules of Civil Procedure 9 and 12(b)(6) and other applicable law. Accordingly, the Complaint and the causes of action asserted therein should be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

**(Business Judgment Rule)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants are not liable in the capacity in which they have been sued in that at all times they were exercising their best business judgment and cannot be held liable for their acts, actions or omissions pursuant to the Business Judgment Rule.

**THIRD AFFIRMATIVE DEFENSE**

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS

**(Setoff/Recoupment)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the Complaint, and each purported cause of action thereof, is barred by the doctrine of setoff and/or recoupment.

**FOURTH AFFIRMATIVE DEFENSE**

**(Reasonably Equivalent Value)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the purported claims and causes of action against Defendants are barred, in whole or in part, because Defendants provided and Debtor received reasonably equivalent value in exchange for the alleged transfers in the Complaint. Accordingly, the alleged transfers described in the Complaint are neither avoidable nor recoverable and the Complaint and the causes of action asserted therein should be dismissed.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Damage)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants, without admitting that the Complaint states a claim, submit that Plaintiff's claims are barred, in whole or in part, because Debtor has not sustained any loss, damage, harm or detriment in any amount.

**SIXTH AFFIRMATIVE DEFENSE**

**(Duplicative Claims)**

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants, without admitting that the Complaint states a claim, submit that Plaintiff's alleged remedies are limited to the extent Plaintiff seeks overlapping and duplicative recovery based on various claims against Defendants for any alleged single wrong.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

## SEVENTH AFFIRMATIVE DEFENSE

### (Cal. Bus. & Prof. Code §16600)

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the Complaint, and each purported cause of action thereof, is barred by Cal. Bus & Prof. Code §16600 which prohibits the restraint of any lawful profession, trade or business.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the Complaint, and each purported cause of action thereof, is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submit that the Complaint, and each purported cause of action thereof, is barred by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate an affirmative defense to the Complaint, and to each purported cause of action thereof, Defendants submits that the Complaint, and each purported cause of action thereof, is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights and Non-Waiver)

Defendants reserve the right to assert additional defenses, including affirmative defenses, based upon further investigation and/or discovery. Defendants also reserve the right to amend or supplement

this Answer based on further formal or informal discovery and/or in response to any amendments or supplements to the Complaint made by Plaintiff, and for any such amendments or supplements to the Answer to relate back to the filing of the original Answer.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for relief and judgment as follows:

1.  that the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Defendants' favor;

2.  that the Court award Defendants their costs and expenses incurred in this action and attorneys' fees as permitted by law, plus interest; and

3.  that the Court award Defendants such other and further relief that it deems appropriate.

DATED:   March 25, 2016            LAW OFFICES OF PETER A. KIM

By: _____
Peter A. Kim
Attorneys for Defendants, Helen Pak; Sang Kim; and, Hope Healthcare Management, Inc.

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3440 Wilshire Blvd. Suite 1208, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (specify): **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO RECOVER UNLAWFUL DIVIDENDS; TO AVOID AND RECOVER FRAUDULENT TRANSFERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) March 25, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) March 25, 2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Fedearl Building & Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

Kyra E. Andrassy, Esq.
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Attorneys for Peter Mastan, Chapter 7 Trustee

Office of the United States Trustee
Ernst & Young Plaza
735 South Figueroa Street, Suite 2600
Los Angeles, CA 90017

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/25/2016 | Eric Choi | _[signature]_ |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**