PATRICIA M. BAKST, ESQ. (SBN 125866)
LAW OFFICE OF PATRICIA M. BAKST
16501 Ventura Blvd., Suite 610
Encino, California 91436
Telephone: (310) 488-0924
Facsimile: (818) 784-0176
Email: Trish.Bakst@gmail.com

Attorney for Defendant, Loren Chang

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>WELCOME MANAGEMENT CORP.,<br><br>Debtor. | CASE NO. 2:14-BK-12860-TD<br><br>CHAPTER 7<br><br>Adv. No. 2:15-ap-01545-TD |
| PETER MASTAN, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>SANG HYUM KIM, an individual; HELEN PAK, an individual; LOREN CHANG, an individual; and HOPE HEALTHCARE MANAGEMENT, INC.,<br><br>Defendants. | **LOREN CHANG'S ANSWER TO COMPLAINT**<br><br><br><br><br><br>Complaint Filed:  10/13/15 |

Defendant Loren Chang ("Chang") hereby answers the Trustee's Complaint filed on October 13, 2015 as follows:

1.  Paragraph 1 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of

---

1
CHANG'S ANSWER TO COMPLAINT

paragraph 1 of the Complaint. Furthermore, Defendant denies that the Bankruptcy Court has personal or subject matter jurisdiction over her.

2.  Paragraph 2 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 3 of the Complaint.

4.  Paragraph 4 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 4 of the Complaint.

5.  Paragraph 5 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 5 of the Complaint.

6.  Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 6 of the Complaint, and on that basis, denies all such allegations.

7.  Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 7 of the Complaint, and on that basis, denies all such allegations.

8.  Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 8 of the Complaint, and on that basis, denies all such allegations.

9.  Defendant admits she is an individual. Defendant denies that she resides in Orange or anywhere in the State of California.

10. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 10 of the Complaint, and on that basis, denies all such allegations.

11. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 11 of the Complaint, and on that basis, denies all such allegations.

12. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 12 of the Complaint, and on that basis, denies all such allegations.

13. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 13 of the Complaint, and on that basis, denies all such allegations.

14. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 14 of the Complaint, and on that basis, denies all such allegations.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 17 of the Complaint, and on that basis, denies all such allegations.

## FIRST CAUSE OF ACTION

(Against Helen Pak and Sang Kim)

18. Defendant incorporates herein by reference the answers to paragraphs 1 through 17 above.

19. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 19 of the Complaint, and on that basis, denies all such allegations.

20. Defendant does not have sufficient knowledge or information regarding the truth of the allegations of paragraph 20 of the Complaint, and on that basis, denies all such allegations.

21. Defendant does not have sufficient knowledge or information regarding

the truth of the allegations of paragraph 21 of the Complaint, and on that basis, denies all such allegations.

## SECOND CAUSE OF ACTION
### (Against All Defendants)

22. Defendant incorporates herein by reference the answers to paragraphs 1 through 21 above.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Paragraph 25 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 25 of the Complaint.

## THIRD CAUSE OF ACTION
### (Against All Defendants)

26. Defendant incorporates herein by reference the answers to paragraphs 1 through 26 above.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Paragraph 29 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 29 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Against All Defendants)

30. Defendant incorporates herein by reference the answers to paragraphs 1 through 29 above.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Paragraph 33 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations

of paragraph 33 of the Complaint.

## FIFTH CAUSE OF ACTION

(Against All Defendants)

34. Defendant incorporates herein by reference the answers to paragraphs 1 through 33 above.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Paragraph 37 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 37 of the Complaint.

## SIXTH CAUSE OF ACTION

(Against All Defendants)

38. Defendant incorporates herein by reference the answers to paragraphs 1 through 37 above.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Paragraph 41 of the Complaint contains only legal conclusions and avers no facts. To the extent a response is required, Defendant denies the allegations of paragraph 41 of the Complaint.

## AFFIRMATIVE DEFENSES

In addition to the foregoing, and as separate and distinct affirmative defenses to Plaintiff's claims, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure To State A Claim For Relief)

1. The Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Additional Defenses)

2. Defendant reserves its rights to assert additional defenses as and when she learns of all the claims asserted against them, whether submitted or not, and as her discovery and investigation continues.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. Plaintiff's claims are barred by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

Laches)

5. Plaintiff's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction and Improper Service of Process)

6. Plaintiff's claims against Defendant are barred on the ground that the Court lacks personal jurisdiction over Defendant due to her lack of contacts with the State of California and the lack of proper service of process upon her.

## SEVENTH AFFIRMATIVE DEFENSE

### (Alter Ego/Reasonably Equivalent Value Given)

7. Defendants, Helen Pak and/or Hope Healthcare Management, Inc. are the alter egos of Debtor, Welcome Management, Inc. and as such, are the same for purposes of the transaction at issue. As such, the debt owed by Helen Pak and Hope Healthcare Management, Inc. to Chang were equally owed to Chang by the Debtor. Therefore, Plaintiff's claims against Chang are barred because the transfer allegedly made by the Debtor to Chang was in exchange for a reasonably equivalent value. (*Mayo v. Pioneer Bank & Trust Co.*, 270 F.2d 823 (5th Cir. 1959); *Telefest, Inc. v.*

1   *VU-TV, Inc.*, 591 F. Supp. 1368 (D.N.J. 1984); *McNellis v. Raymond*, 287 F. Supp.
2   232 (N.D.N.Y. 1968); *Official Unsecured Creditors Comm. v. Ampco-Pittsburgh*
3   *Corp.*, 396 WL 224066 (6th Cir., 2001); *Babitt v. Vebeliunas*, 332 F.3d 85 (2d Cir.
4   2003).

## EIGHTH AFFIRMATIVE DEFENSE
### (Alter Ego/Mutual Release)

8.   Defendants, Helen Pak and/or Hope Healthcare Management, Inc. are the alter egos of Debtor, Welcome Management, Inc. and as such, are the same for purposes of the transaction at issue. Therefore, Plaintiff's claims against Chang are barred by the General Release Agreement entered into by and between Helen Pak and Hope Healthcare Management, Inc., on the one hand, and Loren Chang, Loren K. Boscoy Revocable Inter-Vivos Trust and Royal Palm Manor, Inc. (Collectively "Chang"), on the other hand, in which Helen Pak and Hope Healthcare, and therefore, Welcome Management, Inc., released Chang from any and all claims arising out of or relating to their purchase of Royal Palm Manor, Inc., aka Hope Healthcare Management, Inc.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith Transferee)

9.   Plaintiff's claims against Chang are barred because any funds paid to her by the Debtor were received in good faith, without any intent to hinder, delay or defraud Debtor's creditors and without knowledge of the Debtor's insolvency.

## TENTH AFFIRMATIVE DEFENSE
### (Lack of Insolvency)

10.   Plaintiff's claims against Chang are barred because any funds paid to her by the Debtor did not render the Debtor insolvent at the time of the transfer.

## ELEVENTH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

11.   Plaintiff's claims against Chang are barred because he and/or Debtor

engaged in acts and courses of conduct that render it them pari delicto.

### TWELFTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

12. Plaintiff's claims against Chang are barred by reason of Plaintiff's and/or Debtor's inequitable conduct and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (SET-OFF)

13. Plaintiff's claims against Chang are barred by reason of the doctrine of set-off.

**WHEREFORE**, Defendant, Loren Chang, prays as follows:

1. That Plaintiff takes nothing by way of his complaint on all causes of action and Judgment be entered in favor of Defendant;
2. That the Complaint be dismissed as against this defendant;
3. That Chang be awarded her costs of suit incurred herein;
4. For reasonable attorneys' fees if allowed by law or statute; and
5. For such other and further relief as the court may deem just and proper.

DATED: January 27, 2017        LAW OFFICE OF PATRICIA M. BAKST

By: _____
Patricia M. Bakst, Esq.
Attorney for Defendant, Loren Chang

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16501 Ventura Boulevard, Suite 610, Encino, California 91436.

A true and correct copy of the foregoing document entitled (*specify*): **LOREN CHANG'S ANSWER TO COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 30, 2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyra E. Andrassy,              Kandrassy@swelawfirm.com
Peter J. Mastan (TR)           pmastan@gumportlaw.com, pmastan@ecf.epiqsystems.com
United States Trustee (LA)     ustpregion16.la.3cf@usdoj.gov
Patricia M. Bakst              trish.bakst@gmail.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 30, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Hon. Thomas B. Donovan
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building & Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, California 90012

Helen Pak
162 Tapestry
Irvine, CA 92603

Peter A. Kim, Esq.
Law Office of Peter A. Kim
3440 Wilshire Blvd., Suite 1208
Los Angeles, CA 90010
Attorney for Hope Healthcare Management, Inc.

Sang Hyun Kim
7571 Wyoming Street
Westminster, CA 92683

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 30, 2017 | Patricia M. Bakst | /s/ Trish Bakst |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE